UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


ALIMAMY BARRIE,

      Petitioner,

v().                                                             Case No. 5:20-cv-194-Oc-KKM-PRL

WARDEN, FCC COLEMAN – LOW,

      Respondent.
_____/

## ORDER

Alimamy Barrie, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Barrie claims that the Bureau of Prisons (BOP) violated his Due Process rights in connection with a prison disciplinary proceeding. He asks the Court to restore 27 days of lost good conduct time. *Id.* The Warden has responded, arguing that Barrie was afforded a fair disciplinary process. (Doc. 9). Barrie filed a Reply. (Doc. 11). Upon consideration of the record, the Court denies the petition.

## Background and Procedural History

On September 5, 2018, while incarcerated at Ashland Federal Correctional Institution, Barrie received a disciplinary report for allowing another inmate to use his e-mail account. (Doc. 9, Exh. 2). Barrie was charged with abuse of telephone/e-mail,

circumventing monitoring procedures, and use of another inmate's PIN number (BOP code 297). *Id.; see* 28 C.F.R. § 541.3 – Prohibited acts and available sanctions; BOP Program Statement 5270.09. The incident report states that at the time of the offense, Barrie admitted to an officer that he let another inmate use his e-mail account. *Id.* A BOP Lieutenant investigated the charge and referred the matter to the Unit Discipline Committee (UDC) for further action. Barrie told the Committee "that he didn't commit the 297." *Id.* The UDC referred the matter to the Discipline Hearing Officer (DHO) for a formal hearing. *Id.* Barrie received notice of the hearing and was advised of his rights. *Id.* at Exhs. 3, 4. He waived his right to have a staff representative at the hearing or to call witnesses. *Id.*

The disciplinary hearing was conducted on September 21, 2018. *Id.* at Exh. 5. Barrie denied the charge, calling it a misunderstanding. *Id.* The DHO determined that the greater weight of the evidence supported a finding that Barrie had committed the prohibited act of abuse of telephone/e-mail, circumventing monitoring procedures, and use of another inmate's PIN number (BOP code 297). *Id.* Barrie was sanctioned with the loss of 27 days good conduct time and the loss of 30 days of telephone, e-mail, and visitation privileges.

In the present petition, Barrie contends that no facts supported his disciplinary conviction because no e-mail was actually sent from his account and that he merely forgot to log out of the computer. (Doc. 1). He also alleges that he did not give the other inmate permission to use his e-mail account. *Id.* For relief, he seeks restoration of

27 days of good conduct time and expungement of the disciplinary conviction from his inmate record. *Id.*

## Discussion

Prison disciplinary proceedings are not part of a criminal prosecution and, therefore, a defendant does not have the full panoply of rights that accompany a criminal proceeding. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nonetheless, inmates are entitled to some Due Process protections. *Id.* Those protections include: (1) written notice of the charges before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. *Id.* On the other hand, an inmate does not have a right to confrontation and cross-examination or a right to counsel. *Id.* at 567, 570. Further, disciplinary decisions comport with the requirements of procedural Due Process when there is "some evidence" to support the disciplinary decision by the factfinder. *Superintendent, Mass. Corr. Institution at Walspole v. Hill*, 472 U.S. 445, 454 (1985).

Here, the prison provided Barrie with written notice of the charge and the hearing, with the timely opportunity to call witnesses and present evidence, and with a written finding of fact explaining the basis for the DHO's determination. (Doc. 9, Exhs. 2-5).

3

Based on the foregoing, the Court finds that Barrie received the appropriate procedural protections. In addition to the fact that Barrie received due process as required pursuant to *Wolff*, the DHO report clearly shows that there was some evidence to support the decision. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The DHO's sanctions were within the limits prescribed by BOP policy and were supported by some evidence. The officer who wrote the incident report stated that after the officer observed another inmate typing an e-mail on a computer logged into under Barrie's credentials, he questioned Barrie. (Doc. 9, Exh. 2.) When asked if he had given the other inmate permission to use his e-mail, Barrie said "yes, he wanted to write an e-mail to his girl to ask about his mother." *Id.* The other inmate in question was on e-mail restriction at the time of the incident. *Id.* Barrie later changed his statement to the UDC and at the hearing, contending that he had accidentally failed to log out of his computer and was unaware of the other inmate's actions. *Id.* at Exhs. 2, 5. Barrie is not entitled to *de novo* review of the disciplinary proceeding, and there is some evidence (i.e., the incident report officer's written statement recounting Barrie admitting to allowing the other inmate to use his account) to support the sanctions.

As discussed above, Barrie received adequate due process in connection with his disciplinary conviction and there was some evidence to support it. Therefore, it is

**ORDERED:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED.**

2. Barrie's motion for judgment on the pleadings (Doc. 17) is **DENIED as moot**.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and close this case.

**ORDERED** in Ocala, Florida on July 13, 2021.

Kathryn Kimball Mizelle
United States District Judge

Copies: Petitioner, Counsel of Record